UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: BENJAMIN H. YORMAK

IN RE: BENJAMIN H. YORMAK

    Debtor.

STEVEN R YORMAK,

    Appellant,

v.

ROBERT E. TARDIF, JR. ,

    Appellee.
                           /

Case No.: 2:20-cv-385-FtM-38
Bankr. No.: 9:15-BK-04241-FMD

**<u>ORDER</u>**[1]

Before the Court is Appellant Steven Yormak's Emergency Motion to Certify Appeal to Eleventh Circuit Court of Appeal. (Doc. 9). About two weeks ago, Yormak told the Court about a pending motion with the Eleventh Circuit to certify this case for a direct appeal there. (Doc. 6). Now, he asks the Court to make that certification.

When a party labels a motion an emergency, the Court drops everything it is working on (like criminal cases, temporary restraining orders, and other time-sensitive matters) to handle the filing. For that reason, improperly designating a motion as an emergency is sanctionable conduct. Local Rule 3.01(e). While titled an "emergency," the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Motion makes no mention of why an immediate resolution is necessary. Unfortunately, the Court cannot read Yormak's mind to figure out why he believes this is an emergency.

What is more, this does not appear to be an emergency. Some situations the Court considers emergencies follow: "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large." *Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2018 WL 9440769, at *1 (M.D. Fla. Oct. 12, 2018) (citation omitted). Whether this Court certifies a direct bankruptcy appeal related to disbursement of attorney's fees hardly seems to fall in line with those circumstances. Moreover, Yormak filed this Motion over a month into his appeal here after first seeking the relief in the Eleventh Circuit. And bankruptcy courts, like district courts, can certify a direct appeal. 28 U.S.C. § 158(d)(2)(A). The bankruptcy court entered the orders on appeal over two months ago. (Doc. 1 at 1). Yet there is no indication Yormak ever sought certification from the bankruptcy court despite having ample time to do so. Thus, nothing about this Motion suggests the Court must resolve it immediately without a response.

Additionally, it appears Yormak's certification may be untimely. *See* 28 U.S.C. § 158(d)(2)(E); Fed. R. Bankr. P. 8006(f). This buttresses the Court's decision not to rule on the issue of certification without giving other parties an opportunity to weigh in.

For now, the Court simply denies the Motion with leave to refile. Yormak can file a proper motion that sufficiently explains entitlement to relief. But Yormak should consider this his first and final warning that improperly designating motions as emergencies will result in sanctions going forward. *See, e.g.*, *Palmer v. Moran*, No. 3:12-cv-814-J-12MCR, 2013 WL 2479963, at *2 (M.D. Fla. June 10, 2013); *Watson v. Equifax*,

No. 3:12-cv-552-J-99MMH-JBT, 2013 WL 12385316, at *1 (M.D. Fla. Apr. 11, 2013); *Onward Healthcare, Inc. v. Runnels*, No. 6:12-cv-508-Orl-37KRS, 2012 WL 1259074, at *2 n.3 (M.D. Fla. Apr. 13, 2012).

Accordingly, it is now

**ORDERED:**

Appellant's Emergency Motion to Certify Appeal to Eleventh Circuit Court of Appeal (Doc. 9) is **DENIED with leave to refile**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of June, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record