UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: BENJAMIN H. YORMAK

IN RE: BENJAMIN H. YORMAK

    Debtor.

STEVEN R YORMAK,

    Appellant,

v.      Case No.: 2:20-cv-385-FtM-38
    Bankr. No.: 9:15-BK-04241-FMD

ROBERT E. TARDIF, JR.,

    Appellee.

/

## **ORDER**[1]

    Before the Court is Appellee Robert Tardif's Motion to Dismiss (Doc. 11), to which Appellant Steven Yormak did not respond. Also here is Yormak's Motion to Extend Time (Doc. 12), Amended Motion for Leave to Extend Time (Doc. 16), and second Amended Motion for Leave to Extend Time (Doc. 18), along with Tardif's responses in opposition to the first two Motions (Docs. 13; 17).[2] This is a bankruptcy appeal. Yormak failed to file a timely initial brief. Fed. R. Bankr. P. 8018(a)(1). So Tardif moves to dismiss for that reason. Rather than respond, Yormak moves for an extension of time.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Yormak's Amended Motions are just replies to Tardif's responses. Because the Court did not grant Yormak leave to file a reply, the Motions are denied without discussion. Local Rule 3.01(c).

Dismissing "for failure to meet the [briefing] deadline is not automatic." *Thakkar v. Noble*, 760 F. App'x 724, 728 (11th Cir. 2019). Instead, dismissal is appropriate when "bad faith, negligence or indifference has been shown." *Brake v. Tavormina* (*In re Beverly*), 778 F.2d 666, 667 (11th Cir. 1985). Generally, this "occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Id.* This standard is "flexible." *In re Mohorne*, 718 F. App'x 934, 935 (11th Cir. 2018) (quoting *In re Beverly*, 778 F.2d at 667).

District courts have discretion to extend the time to file a brief "for cause shown" if a motion made after the deadline shows "the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). To determine excusable neglect, courts use a four-factor test: "(1) the risk of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Rosenberg v. DVI Receivables XIV, LLC*, 724 F. App'x 882, 884 (11th Cir. 2018).

The briefing here is more or less identical to a related case involving the same parties and circumstances. *Yormak v. Tardif*, 2:20-cv-00384-JLB (M.D. Fla.) (references to this docket are "YD"). There, Judge Badalamenti held Yormak's conduct did not rise to the level of bad faith, negligence, or indifference and was the result of excusable neglect. (YD. 19 at 4-5). After a careful, independent review of the record in this case, the Court sees no reason to disagree with Judge Badalamenti's well-reasoned Order. Yormak asked for a few weeks extension immediately after Tardif moved to dismiss.

2

There is no indication this extension will prejudice Tardif. And at this time, the Court accepts Yormak's explanation for the delay related to the COVID-19 pandemic.

In the future, however, the Court reiterates its expectation Yormak conform to all applicable procedural rules and look out for communications related to this case. Even though Yormak is pro se, licensed lawyers are not treated like other pro se litigants. *E.g.*, *Riggins v. Comm'r of Internal Revenue*, 748 F. App'x 970, 971 n.1 (11th Cir. 2012) (citing *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)). Yormak is licensed in both Massachusetts and Canada.[3] (Docs. 13-1; 13-2). What is more, Yormak has apparently taken over ten appeals from the underlying bankruptcy. So he should be familiar with basic procedural rules like those at issue here. And the Court expects Yormak to check his mail or direct whomever at his office with that responsibility to do so. Because Yormak does not have CM/ECF access for this appeal, communication is through the mail. Thus, Yormak must update the Court with his appropriate address for mailing and service, then keep that address updated throughout this case.

Accordingly, it is now

**ORDERED:**

(1) Appellee's Motion to Dismiss Appeal for Lack of Prosecution (Doc. 11) is **DENIED**.

(2) Appellant's Amended Motions for Leave to Extend Time (Docs. 16; 18) are **DENIED** for failure to comply with the Local Rules.

(3) Appellant's Motion to Extend Time (Doc. 12) is **GRANTED**. Appellant must file an initial brief **on or before September 7, 2020**.

---

[3] It would be quite an interesting question whether our common law compatriots north of the border are held to the same standard as lawyers stateside. Nevertheless, Yormak has a US law license.

(4) Appellant must **UPDATE** the Court with an address for future communication or service related to this case **on or before August 25, 2020**. Appellant must **CONTINUALLY UPDATE** the Court (if necessary) with an address for future service or communication during the pendency of this appeal.

(5) Appellee must **E-MAIL** Yormak a PDF copy of this Order and the related CM/ECF notice to the e-mail address on file with the bankruptcy court.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record